UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JAMES THOMAS McBRIDE, et al., | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 19-60 (RC) |
| | : | | |
| v. | : | Re Document No.: | 6 |
| | : | | |
| STEVEN TERNER MNUCHIN, | : | | |
| Secretary of the Treasury, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff James McBride filed a Complaint *pro se* seeking damages for breach of fiduciary duty by Defendant Steven Mnuchin, the U.S. Secretary of the Treasury ("Secretary"), in his official capacity.[1] Plaintiff avers that he transferred a title of property to the Secretary and is now entitled to payments on the indenture. Defendant filed a Motion to Dismiss for, respectively, lack of subject matter jurisdiction and failure to state a claim on which relief can be based. Having considered the parties' filings, this Court concludes that it does not have subject

---

[1] Mr. McBride brings his claims on behalf of himself and 327+ Million John & Jane Does Beneficiaries/Co-Claimants. *See generally* Compl. Because Mr. McBride is not an attorney, he may not represent anyone but himself before this Court. *See Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889, at *2 (D.D.C. May 4, 2015) ("[P]laintiff, who is proceeding *pro se*, cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney."). This Memorandum Opinion will thus treat Mr. McBride as the lone plaintiff.

matter jurisdiction over Plaintiff's claim and that Plaintiff has failed to state a viable claim for relief.[2] Accordingly, this Court will grant Defendant's Motion to Dismiss.

## II. BACKGROUND

Plaintiff identifies himself as the agent for "ONE GLOBAL ESTATE private business trust" and holder of the Holy Alliance 1213 title to the "divine estate." Compl. at 2, ECF No. 1. In his Complaint filed on January 11, 2019, Mr. McBride avers that he began a fiduciary relationship with Defendant by conveying legal title to "the land known as America, and all territories thereof" to the Alien Property Custodian.[3] *Id.* He further asserts that proof of the conveyance can be found in his Certificate of Birth and Certificate of Live Birth. *Id.* at 4. Because of the alleged property conveyance, Mr. McBride claims that Defendant had "a fiduciary duty to hold all [conveyed] property in an interest bearing account, to pay the net earnings to the [b]eneficiaries and to provide a full acquittal and discharge of all charges[.]" *Id.*

---

[2] Because this Court concludes that Plaintiff has failed to state a viable claim for relief, it need not consider the merits of what appears to be Plaintiff's motion for default judgment against Defendant. *See* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."). In any event, by the time Plaintiff filed his Motion for Default Judgment, the United States had long since appeared and moved to dismiss the case.

[3] Under the Trading with the Enemy Act, which Plaintiff alleges gives this Court jurisdiction over his lawsuit, the Alien Property Custodian was originally responsible for "any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him." 50 U.S.C. § 4309(a). Under the original statutory text, that property might be held by either the Custodian or by the Treasurer of the United States. *Id.* The position of Alien Property Custodian was eliminated in 1966 when President Lyndon Johnson abolished the Office of Alien Property. *See Administrative History, Records of the Office of Alien Property*, Nat'l Archives (Aug. 15, 2016), https://www.archives.gov/research/guide-fed-records/groups/131.html#131.1. Control of foreign funds was then transferred from the Office of Alien Property to the U.S. Treasury Department. *Id.* Throughout his Complaint, Plaintiff interchangeably references the Alien Property Custodian and the U.S. Treasury Department Secretary. *Compare, e.g.,* Compl. at 3 *with id.* at 5. For clarity, when analyzing Plaintiff's Complaint, this Court will refer to both positions as "Secretary."

at 1.  Now, Plaintiff asserts that Defendant is in breach of his fiduciary duties, *id.*, and must both pay Plaintiff the "net income . . . [accrued] and collected in respect of any . . . property held" and "return the property[,]" *id.* at 5.  Mr. McBride argues that this Court has jurisdiction over the case under the Trading with the Enemy Act ("TWEA"), 50 U.S.C. §§ 4301 *et seq*.  *Id.* at 2 (citing 50 U.S.C. § 4309(a)).  As a remedy, Plaintiff seeks an order directing Defendant to pay him the net earnings of the United States, to return the property that Plaintiff claims to have conveyed, and to discharge all of Plaintiff's debts.  *See id.* at 12.

On March 18, 2019, Defendant filed a Motion to Dismiss for, respectively, lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  *See* Def.'s Mot. Dismiss at 1, ECF No. 6.  This Court issued a Fox/Neal Order the next day, advising Plaintiff to respond to Defendant's Motion to Dismiss on or before April 18, 2019, and warning that a failure to respond or to move for an extension of time by that date might lead the Court to treat the motion as conceded.  *See* Fox/Neal Order at 1, ECF No. 7.

Although Plaintiff never formally responded to the Motion to Dismiss, Plaintiff submitted multiple filings in the weeks after this Court issued its Fox/Neal Order.  Pl.'s Mot. for Order (Mar. 19, 2019), ECF No. 8; Pl.'s Mot. for Order (Mar. 25, 2019), ECF No. 9 ("March 25 Motion"); Pl.'s Mem. (Mar. 29, 2019), ECF No. 10; Pl.'s Mot. for an Interim Trustee, ECF No. 11; Pl.'s Mot. for Default, ECF No. 12; Pl.'s Aff., ECF No. 13; Pl.'s Mem. (May 15, 2019), ECF No. 14.  The Court considers Plaintiff's filings after the Fox/Neal Order *in toto* and refers to them as Plaintiff's opposition.  *See Elghannam v. Nat'l Ass'n of Bds of Pharmacy*, 151 F. Supp. 3d 57, 59 (D.D.C. 2015) ("A pro se plaintiff's pleadings must be 'considered *in toto*' to determine whether they 'set out allegations sufficient to survive dismissal'") (quoting *Brown v.*

*Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Mr. McBride's opposition contests Defendant's Motion to Dismiss. *See* March 25 Motion at 1 ("The March 18th filing by . . . [counsel for Defendant Fred E. Haynes] is a fraud on the [C]ourt."). Plaintiff also calls for a default judgment against Defendant. *See* Pl.'s Mot. for Default; *see also* March 25 Motion at 1–2 (noting Defendant's failure to enter an appearance and urging this Court to "seize control of the property" and "terminate the trust"). Accordingly, this Court will treat Plaintiff's opposition as a response in function if not in form and will consider, respectively, whether this Court has subject matter jurisdiction over Plaintiff's Complaint and whether Plaintiff has stated a viable claim for relief.

## III. LEGAL STANDARD

Before addressing the merits of a case, a court must confirm that it has subject matter jurisdiction. *See James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996). Federal courts are courts of limited jurisdiction and the law presumes that a complaint lies outside their jurisdiction. *Bailey v. Wash. Metro. Area Transit Auth.*, 696 F. Supp. 2d 68, 70–71 (D.D.C. 2010). If a district court determines at any time that it lacks subject matter jurisdiction, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A party may also move to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See, e.g., Schmidt v. United States Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011). When considering a motion challenging the sufficiency of the pleadings to establish subject matter jurisdiction, a court assumes the truth of allegations in the complaint and construes them in the plaintiff's favor. *See Artis v. Greenspan*, 158 F.3d 1301, 1305 (D.C. Cir. 1998); *Gallucci v. Chao*, 374 F. Supp. 2d

121, 123 (D.D.C. 2005). The non-moving party then has the burden of establishing subject matter jurisdiction. *See Harris v. Sebelius,* 932 F. Supp. 2d 150, 151 (D.D.C. 2013), *aff'd*, No. 13-5133, 2013 WL 6222952 (D.C. Cir. Nov. 14, 2013).

Additionally, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint has facial plausibility when it allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This pleading standard does not demand detailed factual allegations, but it does require more than bald assertions and legal conclusions. *Twombly*, 550 U.S. at 555. Courts must construe a complaint in the light most favorable to the plaintiff, but "need not accept inferences . . . if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

This Court will first address subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Because it concludes, for the following reasons, that Plaintiff's claims are attenuated and insubstantial, the Court finds there is no federal question jurisdiction over Mr. McBride's claims.

A district court may dismiss a complaint for lack of subject matter jurisdiction if a complaint is "patently insubstantial, [and presents] no federal question suitable for decision."

---

[4] Mr. McBride is a *pro se* litigant. *Pro se* pleadings are held to less stringent standards than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* complaint must meet at least a minimal standard of pleading. *Price v. Phoenix Home Life Ins. Co.*, 44 F. Supp. 2d 28, 31 (D.D.C. 1999), *aff'd sub nom. Price v. Phoenix Home Life Mut.*, 203 F.3d 53 (D.C. Cir. 1999).

5

*Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This analysis differs from a court's resolution of other Rule 12 motions: declining to hear a claim because it is patently insubstantial is "reserved for complaints resting on truly fanciful *factual* allegations," whereas "*legally* deficient complaints" are reserved for 12(b)(6) dismissals. *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best*, 39 F.3d at 331 n.5). Dismissal of a claim on grounds of patent insubstantiality is appropriate for claims that are "flimsier than 'doubtful or questionable'" and instead are "essentially fictitious." *Best*, 39 F.3d at 330 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1973)); *see also Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009) ("When a plaintiff's allegations are so attenuated and insubstantial as to be absolutely devoid of merit[,] [the claims] should be dismissed for lack of subject matter jurisdiction." (internal citation and quotation marks omitted)). This standard includes allegations of "bizarre conspiracy theories, any fantastic government manipulations of [the] will or mind, [and] any sort of supernatural intervention." *Vasaturo*, 203 F. Supp. 3d at 44.

Here, Plaintiff's claim relies on fanciful factual allegations that are "flimsier than doubtful or questionable." *Best*, 39 F.3d at 330 (internal citation and quotation marks omitted). On Plaintiff's account, the events that give rise to his claim began when President Franklin Delano Roosevelt ("FDR") "leveraged his position of trust to convince the down trodden American people . . . [to pledge] their property into the great American socialist experiment." Compl. at 6. He maintains that "FDR represented a foreign military occupational force and the New Deal was an Act of Surrender to a foreign power" that "conveyed our property to and empowered a military occupational force." *Id.* According to Mr. McBride, this "foreign military occupational force . . . would convert the political status of the American people from

6

beneficial owners and sovereigns to enemy aliens." *Id.* Plaintiff further contends that the act of filing an application for a birth certificate amounts to a "convey[ance] of the child's divine right, title and interest in the divine estate," thereby permitting the United States to "leverage[] the good faith and credit of the American people to fund the global expansion of their power and control." *Id.* at 6–7.

Although these factual allegations do not rise to the level of the supernatural, they amount to a government conspiracy theory that is, at bottom, "essentially fictitious." *Best*, 39 F.3d at 330 (internal citation omitted). Plaintiff's argument that there has been a government conspiracy since the New Deal to "convert the political status of the American people . . . to enemy aliens," Compl. at 6, giving rise to the claims at issue, is the sort of "essentially fictious" allegation that is more than doubtful or questionable. *See, e.g.*, *Roum v. Fenty*, 697 F. Supp. 2d 39, 42 (D.D.C. 2010) (dismissing as patently insubstantial plaintiff's allegations of a "vast and intricate conspiracy" involving government officials); *Curran*, 626 F. Supp. 2d at 33 (finding plaintiff's allegations of government surveillance and harassment to be "the type of bizarre conspiracy theory that warrant[s] dismissal under Rule 12(b)(1)" (internal citation and quotation marks omitted)). The claims at issue here are patently insubstantial: there is no federal question suitable for decision in the instant matter. Thus, the Court finds that there is no subject matter jurisdiction over Mr. McBride's claims.

### B. Claim for Relief

Although a lack of subject matter jurisdiction alone would be sufficient to dismiss the suit, the Court will also consider the legal merits of Plaintiff's claim for relief. Mr. McBride's complaint presents several claims for relief. First, he argues that he and "327+ million Beneficial claimants are party to a trust relationship with Defendant," and "the

Defendant/trustee" has breached his fiduciary duty. Compl. at 4. Second, Plaintiff seeks to terminate the "original [New Deal] 'Pledge' or Bailment Agreement," *id.* at 5, and "demand[s] the immediate redemption and return of the property and sovereign authority to the people," *id*. Third, in a "master claim concerning the same accounts, same Trustee, same Beneficiaries," Plaintiff avers that, as a "non-fiduciary agent for the ONE GLOBAL ESTATE private business trust holder of The Holy Alliance 1213 legal title to the divine estate," he may pursue a claim for Defendant's breach of "his fiduciary duties owed to THE UNITED STATES private business trust." *Id.* at 10. Plaintiff asserts that this Court has jurisdiction over this matter under TWEA, 50 U.S.C. § 4309(a). *See id.* at 2. However, Plaintiff's arguments are unavailing. Even construed in the light most favorable to Mr. McBride, his factual allegations do not plausibly establish the requisite elements of a claim for relief under TWEA.

TWEA permits a party to file suit in federal district court against the Secretary when the filing party claims a right to an "interest, right, title, or debt" conveyed to and held by the Secretary. *See* 50 U.S.C. § 4309(a). For TWEA to apply to a claim for relief, a transfer of property to the Secretary must have occurred. *See* 50 U.S.C.A. § 4307(c); *see also Pflueger v. United States*, 121 F.2d 732, 735 (D.C. Cir. 1941) ("Relief and remedy [under TWEA] should be limited to the property coming into the hands of the [Secretary].").

Here, Plaintiff does not allege facts plausibly indicating that TWEA provides a basis for relief. All of Plaintiff's arguments rest on the underlying premise that he transferred title of "the land known as America, and all territories thereof" to Defendant. Compl. 2. Plaintiff contends that proof of the conveyance—and the alleged indenture that the conveyance created—can be found in his Certificate of Birth and Certificate of Live Birth. *Id.* at 4. He further claims that because Defendant failed to pay him the "net earnings" of the conveyed property, Defendant is

8

now obligated by TWEA to "pay [Plaintiff] the net income . . . accruing and collected in respect of any money or property held [by the Secretary]" and "return the property[.]" *Id.* at 4–5.

However, Plaintiff's Complaint does not allege any nonconclusory factual basis to support the assertion that he conveyed land to the U.S. Secretary of the Treasury. The only nonconclusory facts that Plaintiff alleges in his Complaint for his claim of transfer of property and subsequent indenture are references to his birth certificate and a recitation of Black's Law Dictionary's definition of indenture. *See id.* at 4. Plaintiff's opposition provides no additional factual support for his claim that there has been a property transfer. Such a property transfer is a requisite element of a TWEA claim. *See Pflueger*, 121 F.2d at 735. Because he has not plead any further nonconclusory facts that plausibly indicate that the required transfer of property occurred, Plaintiff cannot state a claim on which relief can be based under TWEA. The Court thus finds Plaintiff's claim insufficient to survive a Rule 12(b)(6) motion to dismiss.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim is granted. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 24, 2019                                RUDOLPH CONTRERAS
                                                    United States District Judge